**NORTHWESTERN NATIONAL LIFE IN-SURANCE COMPANY, Appellant,**

**v.**

**Mildred BREVELL et al., Appellees.**

**No. 6038.**

Court of Civil Appeals of Texas.

Beaumont.

May 31, 1956.

Rehearing Denied June 27, 1956.

Vinson, Elkins, Weems & Searls, Houston, for appellant.

Robert W. Gauss, Port Arthur, for appellees.

R. L. MURRAY, Chief Justice.

This is an appeal from a case tried in the district court of Jefferson County in which the named appellee sued for benefits allegedly due her by reason of a group life insurance contract entered into between Henke & Pillot on the one hand and appellant, Northwestern National Life Insurance Company, on the other. Appellee alleged that her deceased son, Douglas J. Brevell, was insured by appellant. At the conclusion of the evidence appellant moved for (1) an instructed verdict or (2) in the alternative that the case be taken from the jury and judgment rendered for it.

The court refused appellant's motion in all respects and though appellee made no motion, the court pronounced judgment for appellee. The court required the jury to answer one Special Issue, inquiring as to the sum of money which would be a reasonable attorney's fee for the appellee's attorney for services rendered in this case. This was found by the jury to be $975.

Appellant has duly perfected its appeal to this court.

There appears to be no dispute as to the facts in the case. Douglas J. Brevell, the deceased, began working for Henke & Pillot, Inc., at its store in Port Arthur in 1951, while he was still attending school. He worked a few months at that time, quit for awhile, and went back to work in 1952. He worked a regular part-time schedule after school. On June 5, 1954, he became a full time employee. He died November 9, 1954. From the October 30th pay check from his employer to the deceased $1.20 was deducted as one month's premium for insurance. After the death of the deceased the employer tendered this amount to the appellee, Mrs. Brevell, mother of the deceased.

The appellant insurance company issued the group life insurance policy to Henke & Pillot, Inc., dated May 31, 1931. Amendments to the policy, No. 8 dated April 20, 1948, No. 9 dated July 12, 1949, No. 10 dated May 20, 1951, and No. 11 dated January 15, 1952, are all shown in the evidence. From such policy and amendments are found the following provisions: "Eligibility of Employee: All present employees who have completed three months of continuous service are each eligible for insurance hereunder on the effective date hereof. All other present employees and new employees shall be eligible for insurance hereunder on the day of completing six months of continuous service with the employer."

"Definition of the term 'employees': The term 'employees' as used herein means all full time employees of Henke & Pillot, Inc., and its subsidiaries: Sunset Coffee Company, Henke & Pillot Realty Company and Lone Star Super Stores."

The parties stipulated the following facts:

1.

The deceased, Douglas J. Brevell did not become a "full time employee" until June 5, 1954.

2.

As a "full time employee", the deceased had not worked for Henke & Pillot, Inc., for six months subsequent to the date on which he became a "full time employee" and prior to his death.

3.

No application for insurance, and no election to participate in the insurance was made by Douglas J. Brevell until May 18, 1954.

4.

No evidence of insurability of Douglas J. Brevell has ever been furnished Northwestern National Life Insurance Co.

5.

Douglas J. Brevell did nothing regarding insurance with the defendant after May 18, 1954 until October 30, 1954 when he acquiesced in the deduction of $1.20 from his earnings by Henke & Pillot, Inc. "Noth-

ing" includes specifically that he did not furnish proof of insurability. No evidence of insurability was or has ever been submitted by the said Douglas J. Brevell to Northwestern National Life Insurance Company.

6.

If any amount of money was ever withheld by Henke & Pillot, Inc., to cover premiums to be paid on any policy of insurance on the life of Douglas J. Brevell, the same was never paid or transmitted to this defendant.

The appellant presented its motion for instructed verdict at the close of plaintiff's evidence, which urged the court to instruct a verdict in its favor, because the deceased at the time of his death had not completed a period of six months of continuous service as a full time employee, therefore was not eligible to participate in the group life insurance policy issued by it.

We have searched this entire record and are unable to find any ground for holding the insurance company liable in this case. From the plain wording of the policy as amended, and from the stipulations of the parties, the deceased clearly did not become eligible to participate in the group insurance of his employer before he died. Since he became a full time employee on June 5, 1954, he would not have become eligible to become insured until December 4, 1954.

The appellee, in her brief in answer to the argument of the appellant presenting the above contention, simply states that there is no requirement in the policy that an employee have six months of continuous service as a full time employee in order to become eligible for insurance. It says that the appellant has written that phrase "as a full time employee" into the policy. Obviously, the requirement that an employee be a full time employee for six months is not a creature of imagination of the appellant for the purposes of this lawsuit, but was included in the amendments to the policy. Such amendments were in effect when the deceased first went to work for the employer. It must be conceded that if the policy did not define "employee" as a full time employee of Henke & Pillot, Inc., and its subsidiaries, then the appellee would have good cause to argue that the deceased was eligible under the terms of the group policy, since there is no question but that he had been in the continuous service of the company for more than six months at the time of his death. However, the definition is included in the insurance agreement between the appellant and the employer and it is a part of the contract.

We think it is of no consequence that the employer made a deduction of $1.20 for insurance premium from the pay of the deceased on October 30, 1954. The deceased, according to the stipulation, made no application for the insurance, and the payroll deduction was shown by the evidence to have been a clerical mistake in the office of the employer in Houston. We are unable to see how this payroll deduction can operate to make the insurance carrier liable, when all of the evidence shows conclusively that under the terms of the policy itself the deceased was not eligible to participate in the group insurance at the time the deduction was made, and was not so eligible at the time of his death in November, 1954.

We think the facts have been fully developed. There is no controversy as to the relevant facts. The appellant should have had judgment in the trial court, and therefore the judgment of the trial court in favor of the appellee is reversed and judgment here rendered in favor of the appellant that the appellee take nothing against the appellant.